## Tenney *v.* Johnson.

When, upon some disagreement between partners, their differences were submitted to arbitrators, who awarded that all the goods and other assets of the firm should pass to one of the partners, who should pay all the partnership debts, and thereupon such goods and assets were all attached by private creditors of such partner, and subsequently by the creditors of the firm;—*Held*, that the creditors of the firm were entitled to be preferred, even if the award had been executed by a transfer in accordance with it.

This action is brought against the defendant as deputy sheriff for alleged misapplication of property in his hands.

Dayton G. Piper and Moses B. Clough were engaged, in the partnership style of D. G. Piper & Co., as dealers in dry goods, &c., at Stratford, N. H., and in that capacity had purchased goods in Boston of the plaintiffs and others, and placed them in their store, for which they were indebted in a considerable amount. While engaged in their business, the sale of goods at Stratford, in their store, on account of some disagreement, the said partners referred the adjustment of their matters to the arbitrament of certain referees, who made an award, of which the following is a copy:

"We, the undersigned arbitrators, chosen by Dayton G. Piper and Moses B. Clough, in company, of Stratford, N. H., to settle all demands, disputes, or controversies between them in regard to the final settlement, closing up of the business of the firm, and having all heard, examined, and considered evidence and witnesses of both parties, award that the said Piper shall be paid the sum of $233, to be deducted from the capital stock of the said Clough, amounting to $484.39. Said Piper is to have all the goods and all the fixtures and store furniture, and all moneys on hand, and all accounts and demands due or belonging to said firm, and is to pay all demands against said firm, and also pay said Clough the balance of his capital stock, amounting to $251.39."

The parties also signed an agreement to abide by the above award.

This award having been rendered, certain creditors of the said Piper, in his individual capacity, placed writs in the hands of the defendant in this case as deputy sheriff, and he attached the goods in said store upon said writs as the property of Piper. Soon after, certain creditors of D. G. Piper & Co., among whom were the plaintiffs in this action, placed their writs in the hands of said officer, and he returned said goods as attached as the property of said D. G. Piper & Co., subject to his other attachment as the property of

D. G. Piper alone.    Said writs were entered in court and prosecuted to final judgment, and all the executions, both those of the individual creditors of Piper and the company creditors of D. G. Piper & Co., duly placed in the hands of the defendant, to satisfy the same from the proceeds of the goods in said store; whereupon the said sheriff, having sold the said goods on the writs in said actions, and the proceeds being claimed on the one hand by the creditors of said Piper, and on the other by the creditors of said D. G. Piper & Co., on being indemnified by the former, applied the same in satisfaction of the executions in favor of the individual creditors of said Piper, and returned the executions against the said D. G. Piper & Co. unsatisfied.    For his default in this respect, this action ~ is brought; the plaintiffs claiming that said goods, being the property of said D. G. Piper and Co., did not pass and vest by virtue of said submission and award, and so become the property of D. G. Piper alone as to be liable to be taken in discharge of the individual debts of said Piper before the partnership debts of said D. G. Piper & Co. were satisfied.    Piper never has paid any of the demands against . said firm, or the balance to the said Clough as required by the terms of the aforesaid award.

It was agreed that if the court should be of opinion that the proceeds of said goods should have been applied on the executions in favor of the partnership creditors of said firm in preference to those in favor of the individual creditors of said Piper, then judgment should be rendered against the defendant for the amount of the execution of said plaintiff, and interest, so far as the amount of said proceeds in his hands were sufficient to satisfy the same; otherwise for the defendant, reserving also to either party the right to a trial by jury.

*Williams,* for the plaintiff.

*Burns & Fletcher,* for the defendant.

BELLOWS, J.    The equitable rule which gives to partnership creditors a preference in the distribution of partnership assets, was adopted and applied at law as early as 1830, and the rule has ever since been recognized here.    *Jarvis* v. *Brooks,* 23 N. H. 136, 146, and cases cited.    And the corresponding preference of private creditors in respect to private property, is established by that case.    At the same time it is there held that this preference of the partnership creditor is not put upon the ground of a lien among the partners, through which the preference is worked out, but is asserted as a legal right of the creditor, and from this is deduced the doctrine of *Ferson* v. *Monroe,* 21 N. H. 462, that a sale by the partners to pay the debt of one of them, though contracted for money put into the business of the firm as capital, is void as to creditors of the firm. In this case, as in *Jarvis* v. *Brooks,* the opinion was delivered by *Perley,* J., who cites *Tappan* v. *Blaisdell,* 5 N. H. 190, where it is said that "the whole partnership property is pledged to the payment of the partnership debts in preference to any other purpose."    In

*French* v. *Lovejoy*, 12 N. H. 458, it is held that a surviving partner, though he has the power to dispose of the partnership effects for a lawful purpose, has no right to assign them for the purpose of paying his private debt to the prejudice of the partnership creditors. The same views are held in *Benson* v. *Ela*, 35 N. H. 412, where it is said by *Sawyer*, J., that this right of priority does not rest upon the ground that the partners have a lien among themselves, but the claim is one which the law recognizes as appertaining to the creditor himself, and which may be asserted by him as his legal right. Indeed the recognition of the corresponding right of the private creditor to be wrought out and enforced in the same way as is held in *Jarvis* v. *Brooks*, shows that the rule in this State is not founded upon the idea of a lien among the partners. In *Benson* v. *Ela*, it was decided that the effects of the firm in the hands of the surviving partners remained subject to the prior claim of partnership creditors as against creditors of the surviving partner, notwithstanding the survivor had managed and treated such property as his own, with the assent of the deceased partner's administrator, and contracted debts on the credit of the property. The priority of each class of creditors is put upon the ground of substantial justice, requiring that the fund in each case should first go to pay the debts by means of which it was created or augmented. This is also the doctrine of *Jarvis* v. *Brooks*, and *Ferson* v. *Monroe*, before cited, and may, it would seem, be regarded as the settled doctrine of our courts.

These views have been applied in favor of an attaching partnership creditor against a previous attachment by a creditor of an individual partner, as in *Tappan* v. *Blaisdell*, and sundry other cases; against an assignment by a surviving partner to pay his private debt, as in *French* v. *Lovejoy*, 12 N. H. 458; against a sale by the partners to pay the debt of an individual member, though created for money to invest by him as capital in the firm, as in *Ferson* v. *Monroe*; and as against a previous attachment by a creditor of the surviving partner, who continued the business as before, with the agent of the deceased partner's administrator, and who obtained credit by means of the property, as in *Benson* v. *Ela*.

The question then arises, if one of the partners voluntarily retires from the firm, releases all his interest in its assets, and receives from the remaining partner an obligation to pay all its debts, does the right of priority still continue in the partnership creditor in respect to such assets? or is there no substantial distinction between this case and that of the surviving partner? In both cases the legal title to the assets is vested in the remaining partner; in one, by operation of law, and in the other by the act of the partners; and in either case the remaining partner has the full power of sale for proper purposes. So in both cases, he is bound to pay all the company debts, and so far as the creditors are concerned, by the same obligation, namely, by his partnership promise. The only difference we perceive is, that in the one case he is a party directly to the transfer; but as we have seen, it is not in his power to waive or affect the right of the partnership creditor; as in *Ferson* v. *Monroe*, where it is held that a sale by both partners to pay a private debt of one

partner would avail nothing. In that case, *Perley,* J., is inclined to hold that as the right of property is established, it should be regarded in principle as a fraud on that right to defeat it by diverting the partnership-funds to any other object. Between a direct sale to pay a private debt, and a transfer to one partner, by which all the assets of the firm should be removed from the prior claim of the partnership creditor, and be made subject, first, to the claims of the private creditor, there is no very solid distinction, and the latter is open to all the objections suggested in *Ferson* v. *Monroe.* Indeed, in the case of such sale by one of a firm which was in debt, the effect of which would be to defeat the priority of the company creditors, in respect to all the assets of the firm, and at the same time transfer that priority to another class of creditors, without adding in any way to the security of partnership creditors, we should rarely find it consistent with good faith and fair dealing. It is true, it might be so in some instances, and the same might have been said with even more propriety, in *Ferson* v. *Monroe.* But if it be held that this right of priority may be defeated, and by a sale from one partner to another, it is easy to see that it would be a most convenient mode of evading a principle that is held to be salutary, and is now well established in New-Hampshire. When the rights of partnership creditors are preserved, or equivalent security given, a different case would be presented; but nothing of that kind exists here.

In *McCorkle* v. *Hammond,* 2 Jones Law (N. C.) 444, 16 U. S. Digest, 326, sec. 62, it is held, that when an insolvent debtor transfers his effects to an infant, on an agreement *bonâ fide* that the infant should pay certain debts contracted by them both as a firm, without providing security for the performance of such stipulations, such transfer is fraudulent in law, and void as against creditors. The objection here appears to have been the withdrawing this property from the claims of their creditors for a promise that could not be enforced.

On these views there must be

*Judgment for the plaintiff.*